UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

              Plaintiff,             Case Number: 16-10603
                                        HONORABLE AVERN COHN

v.

VICTORIA A. ROBERTS,

              Defendant.

_____/

## ORDER OF DISMISSAL

### I.  Introduction

    This is a civil action brought by a pro se prisoner under the Federal Tort Claims Act, 28 U.S.C. § 1346.  Plaintiff, a state prisoner, has been granted leave to proceed without prepayment of the filing fee for this action.  Plaintiff names a single defendant, Honorable Victoria A. Roberts, United States District Judge.  He alleges that, in the course of adjudicating a civil rights complaint filed by plaintiff, Judge Roberts violated her oath of office, failed to perform her duties, and denied him a fair hearing by refusing to order a contempt proceeding.  For the reasons that follow, the complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### II.  Standard

    Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  A complaint is

frivolous if it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319,

325 (1989).

The Court must read pro se complaints indulgently, see Haines v. Kerner, 404

U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly

irrational or wholly incredible.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).

### III.  Discussion

The Federal Tort Claims Act (FTCA) provides the exclusive remedy for a tort

committed by an employee of the United States acting within the scope of his or her

employment. See 28 U.S.C. 2679(b)(1).  The only proper defendant in an FTCA action

is the United States.  Twomey v. Federal Bureau of Investigation, 27 F. App'x 331, 332

(6th Cir. 2001).  Thus, plaintiff failed to name the proper defendant.

Morever, even assuming that plaintiff intended to name the United States as a

defendant, the complaint must be dismissed as barred by judicial immunity.

Title 28 U.S.C. § 2674 of the FTCA provides in relevant part:

> With respect to any claim under this chapter, the United States shall be
> entitled to assert any defense based upon judicial or legislative immunity
> which otherwise would have been available to the employee of the United
> States whose act or omission gave rise to the claim, as well as any other
> defenses to which the United States is entitled.

Federal judges are immune from liability for damages for "acts committed within

their judicial jurisdiction."  Imbler v. Pachtman, 424 U.S. 409, 419 (1976).  Judicial

immunity is based in the principle that "a judicial officer, in exercising the authority

vested in him, [should] be free to act upon his own convictions, without apprehension of

2

personal consequences to himself." Stump v. Sparkman, 435 U.S. 349, 355 (1978) (internal quotation omitted). To determine whether a particular judge is immune, a court must inquire whether the challenged action was "judicial" and whether, at the time the challenged action was taken, the judge had jurisdiction over the subject matter before him. Id. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. Id. at 356-57.

Here, Judge Roberts was clearly acting within her "judicial jurisdiction" while presiding over plaintiff's case. Thus, Judge Roberts is immune from suit, as is the United States which may assert judicial immunity in a FTCA suit if the individual judicial officer would be immune from suit. 28 U.S.C. § 2654; Tinsley v. Widener, 150 F. Supp. 2d 7, 12 (D.D.C. 2001) (judicial immunity protects United States from FTCA suit).

## IV.  Conclusion

For the reasons set forth above, the complaint is DISMISSED under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The Court also certifies that any appeal from this decision could not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  April 14, 2016

3