UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

        Plaintiff,        Case Number: 16-10603
                                       HONORABLE AVERN COHN

v.

VICTORIA A. ROBERTS,

        Defendant.
_____/

## ORDER DENYING MOTION UNDER RULE 60(b)(4) (Doc. 12)

### I. Introduction

This is a civil action brought by a pro se prisoner under the Federal Tort Claims Act, 28 U.S.C. § 1346.  Plaintiff named a single defendant, Honorable Victoria A. Roberts, United States District Judge.  He alleged that, in the course of adjudicating a civil rights complaint filed by plaintiff, Judge Roberts violated her oath of office, failed to perform her duties, and denied him a fair hearing by refusing to order a contempt proceeding.  The Court dismissed the complaint for failure to state a claim upon which relief may be granted because plaintiff did not name the proper defendant and Judge Roberts was entitled to immunity.  (Doc. 10).

Before the Court is plaintiff's motion under Fed. R. Civ. P. 60(b)(4).  For the reasons that follow, the motion is DENIED.

### II.

Fed. R. Civ. P. 60(b) provides in relevant part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**  On motion and upon such terms as are just, the court

may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; **(4) the judgment is void**; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A motion under Rule 60(b) must be filed within a reasonable time and for reasons under subsections (1), (2) and (3), "no more than one year after entry of the judgment or order or the date of the proceedings." Fed. R. Civ. P. 60(c).

IV.

Plaintiff relies on subsection (b)(4) of Rule 60(b) as grounds for relief. Rule 60(b)(4) pertains to void judgments, i.e. a judgment that should have never entered. See Jalapeno Prop. Mgmt., LLC v. Dukas, 265 F.3d 506, 515 (6th Cir.2001) (Batchelder, J., concurring) ("A void judgment is one which, from its inception, was a complete nullity and without legal effect." (quoting Lubben v. Selective Serv. Sys. Local Bd. No. 27, 453 F.2d 645, 649 (1st Cir.1 972))). " 'A judgment is not void ... simply because it is or may have been erroneous,' " United Student Aid Funds, Inc. v. Espinosa, —— U.S. ——, 130 S.Ct. 1367, 1377 (quoting Hoult v. Hoult, 57 F.3d 1, 6 (1st Cir. 1995)) and "a motion under Rule 60(b)(4) is not a substitute for a timely appeal," Id. Otherwise, "Rule 60(b)(4)'s exception to finality would swallow the rule." Id. "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. (emphasis added).

Plaintiff's motion does not satisfy this standard. Although plaintiff says that the Court's dismissal was "void" and the Court "lacked jurisdiction," plaintiff is really contesting the grounds for dismissal.

SO ORDERED.

                                                  S/Avern Cohn
                                                  AVERN COHN
                                                  UNITED STATES DISTRICT JUDGE

Dated: May 11, 2016